Adam R. Bialek (AB 6268)
Alice L. Brodie (AB 9687)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
3 Gannett Drive
White Plains, NY 10604-3407
Telephone: 914-323-7000
Facsimile: 914-323-7001



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— X

ANDY STROUD, INC. and ANDREW STROUD, :        Civil Action No. :

                              Plaintiffs,       :

              v.                                :        **COMPLAINT**

STEVEN AMES BROWN and LISA SIMONE             :
KELLY, as administrator of THE ESTATE OF      :
NINA SIMONE                                    :

                              Defendants.       :

———————————————————— X

        The Plaintiffs, ANDY STROUD, INC. and ANDREW STROUD, (hereinafter referred to

as "ASI" and "Stroud" respectively, or "Plaintiffs" collectively,) by way of a Complaint against

the Defendants, STEVEN AMES BROWN (hereinafter referred to as "Ames Brown" and LISA

SIMONE KELLY, as administrator of THE ESTATE OF NINA SIMONE (hereinafter referred

to as "the Estate"), allege and say as follows:

## PARTIES

1.        Plaintiff, ANDY STROUD, INC. ("ASI") is a corporation duly organized under the

laws of the State of New York.

2.        Plaintiff, Stroud, is a natural person, residing in the City and State of New York.

3.     At all times relevant hereto, Stroud was the sole shareholder and President of Stroud Productions and Enterprises, Inc. ("SPE").

4.     SPE was a New York corporation. After its dissolution, all rights and assets succeed to plaintiff Stroud.

5.     ASI is a successor in interest to certain assets that succeeded from SPE to Stroud.

6.     Upon information and belief, Defendant, STEVEN AMES BROWN ("Ames Brown"), is a natural person, residing in the State of California.

7.     Upon information and belief, Ames Brown is also a licensed attorney.

8.     Eunice K. Stroud was a musical artist known as Nina Simone (hereinafter "Simone").

9.     Upon information and belief, Simone died on April 23, 2003.

10.    Upon information and belief, Lisa Simone Kelly (a/k/a Lisa Celeste Kelly) is Administrator of the Defendant Estate, pursuant to Letters of Administration filed with the Los Angeles Superior Court on September 2, 2004. Ms. Kelly resides at Tanite Rd, RR 5 Box 5062, Stroudsburg, PA  18360-9805.

## JURISDICTION AND VENUE

11.    Plaintiffs ASI and Stroud are residents of the State of New York and ASI has a principal place of business in the State of New York.

12.    The amount in controversy exceeds the Court's minimal jurisdiction amount in controversy.

13.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

14.    This Court has jurisdiction pursuant to Title 17 of the U.S. Code, by virtue of the fact that a Federal Copyright is involved.

15.     Plaintiffs allege that the Defendants committed tortious acts in New York affecting the rights of the Plaintiffs in New York.  Since the plaintiffs are residents of New York, and tortious acts occurred in New York, venue is proper.

## FACTUAL BACKGROUND

16.     From 1961 until 1972, Stroud and Simone were married.

17.     Plaintiffs were musical producers, and produced performances and recordings of songs performed by Simone.

18.     Plaintiffs recorded certain of these performances independent from any contractual obligation they may have had and they maintained custody and control of these recordings.

19.     In 1970, Stroud provided RCA with approximately 77 Master Recordings of Simone performances for restoration and preservation purposes.

20.     Stroud paid RCA for the work performed in connection with these recordings.

21.     In 1972, Stroud and Simone executed a separation agreement ("Separation Agreement") to settle, *inter alia*, their respective property rights.

22.     In this Separation Agreement, Simone acknowledged she had no interest in SPE.

23.     This Separation Agreement provided that the right, title and interest to certain recordings would vest solely with Stroud in the event that Simone did not pay Stroud $2300 which represented the payment Stroud made to RCA for the restoration of the recordings. A list of these recordings are annexed hereto as Exhibit A.

24.     Simone never paid Stroud the monetary reimbursement to retain title to these recordings.

25.     The Separation Agreement also provided Stroud with unconditional ownership to other recordings previously in the custody and control of Stroud.  A list of these recordings was

set forth in a separate exhibit to the Separation Agreement. A list of these recordings is annexed hereto as Exhibit B.

26. Following the separation of Stroud and Simone, Stroud licensed certain of these recordings to several recording companies for distribution.

27. Stroud retains all rights to various other works, including sound recordings, compilations and artwork, containing and used in the marketing of Simone's performances.

28. Plaintiffs filed for a copyright with the U.S. Copyright Office on or about January 22, 1973, for the compilation of recordings set forth on "Nina Simone Sings Billie Holiday" (the "Registered Work"). This copyright is still in effect and Plaintiffs remain the owner of all right title and interest in this recording. The certificate of registration covering this work is annexed hereto as Exhibit C.

29. In March 1977, Plaintiffs sold certain of the Master Recordings listed in Exhibits A and B attached to Noodles Records, a division of MFS Resources, (hereinafter "Noodles") located in New York, New York. These recordings are marked with an asterisk on Exhibits A and B.

30. With the exception of the recordings marked with an asterisk on Exhibits A and B, Stroud owns a common law copyright in all of the recordings set forth in Exhibits A and B and all rights appurtenant thereto, including the right to exploit them.

31. Stroud owned a copyright in artwork encompassed in at least two album covers, for the recordings "Nina Simone Sings Billie Holiday" and "Gospel According to Nina Simone," including the exclusive rights to exploit them.

32. Plaintiffs produced "Nina Simone Sings Billie Holiday" and "Gospel According to Nina Simone" and they retain all rights to exploit them.

33.   Upon information and belief, at some point prior to 2000, Ames Brown and Simone entered an agreement with each other whereby Ames Brown obtained a 40 percent interest in certain assets of Simone.

34.   Upon information and belief, on or about March 6, 1995, Simone commenced suit against San Juan Music Group, claiming ownership of certain of Stroud's master recordings.

35.   Upon information and belief, on or about July 10, 1998 Simone brought suit against Red Dog Express and Tomato Records, claiming ownership of certain of Stroud's master recordings.

36.   In these suits, Simone and Ames Brown, as the attorney for Simone, improperly claimed that the master recordings belonged to Simone.

37.   Stroud was never made a party to these suits, nor was he placed on notice that these suits, involving his property, were being litigated.

38.   Upon information and belief, in reliance upon Ames Brown and Simone's submissions to the Court, the Court found San Juan Music and Red Dog did not own the master recordings and they found in favor of Simone.

39.   After obtaining Stroud's master recordings, Ames Brown, on behalf of Ames Brown and Simone, entered into various license agreements whereby Ames Brown and Simone granted rights to exploit these recordings.

40.   Upon information and belief, among other exploitations, Ames Brown and Simone unlawfully granted exclusive licenses to Snapper Music, a music distributor, (hereinafter called "Snapper Music") or its affiliate, to exploit recordings from collections entitled "Nina Simone Sings Billie Holiday" and "Gospel According to Nina Simone."

41.     Upon information and belief, Ames Brown and Simone licensed the recording of

"Just in Time" from "Nina Simone Sings Billie Holiday," a recording owned by Plaintiffs

pursuant to the Separation Agreement, to Castle Rock Entertainment, Inc. or an affiliate thereof

(hereinafter "Castle Rock"), a subsidiary of Warner Bros. Entertainment, Inc., even though they

had no ownership rights to this work and no authorization from Plaintiffs.

42.     Defendants have been deriving revenues from the abovementioned licensing deals

with Snapper Music and Castle Rock, as well as from others.

43.     Upon information and belief, Ames Brown and Simone/and or the Estate licensed the

two albums and provided artwork for the covers utilizing Plaintiffs' copyrighted artwork (the

"Artwork").

44.     Ames Brown and Simone (or the Estate) had no right to the Artwork.

45.     Upon information and belief, Brown and Simone licensed recordings to other entities,

and are deriving revenue from such licenses, even though they had no ownership rights to these

works, or authorization from Plaintiffs.

46.     Ames Brown and the Estate have represented to industry professionals that they own

the rights to the recordings at issue, and to the Artwork.

47.     Ames Brown has made statements that Stroud did not own or have any rights to these

recordings.

48.     These statements and representations, referenced in paragraph "46" and "47" above,

were false.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR A DECLARATORY JUDGMENT

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs "1" though "48" hereof as if fully set forth herein at length.

6

50.     Defendants have made false representations that Simone was the rightful owner of the master recordings and have reaped proceeds that did not rightfully belong to them.

51.     Defendants have wrongfully diverted business opportunities from Plaintiffs, have exercised rights that did not belong to them, and have deprived Plaintiffs of the lawful enjoyment of their rights.

52.     Pursuant to the Separation Agreement, all rights in these master recordings were and are rightfully owned by Plaintiffs.

53.     Plaintiffs have suffered monetary damages from these false representations and continue to suffer such damages.

54.     The Separation Agreement provides that Plaintiffs own all right, title and interest to these master recordings and therefore should be adjudged the owners of the copyrights and master physical embodiments of said recordings.

55.     Plaintiffs are entitled to a declaration of rights, damages resulting from Defendants' conduct, and an injunction from future interference.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR COPYRIGHT INFRINGEMENT

56.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "55" hereof as if fully set forth herein at length.

57.     After the respective dates of first publication or exploitation and continuing to the present, the defendants have infringed and continue to infringe Plaintiffs' copyrights in the Registered Work, the Artwork and the works appearing in Schedule A and Schedule B (collectively, the "Works"), by reproducing or causing, contributing to, and participating in the unauthorized reproduction of the Works, including the Registered Work, and by causing,

7

contributing to, and participating in the distribution of unauthorized reproductions of the Works, including the Registered Work, to the public.

58.     As set forth above, upon information and belief, the Defendants distributed, sold, promoted, copied, licensed and/or authorized the reproduction by others, in the Southern District of New York and among other geographic areas, the Works, including the Registered Work, which is solely owned by and under copyright registration to the Plaintiffs, to Castle Rock and to Snapper Music, among others, without consent or license from the Plaintiffs, in violation of 17 U.S.C. §§106 and 501(a).

59.     Upon information and belief, Defendants have exploited, copied, reproduced in whole or part Plaintiffs' copyrighted Works, including tortiously and illegally licensing the Works, including the Registered Work, to Castle Rock and to Snapper Music and others, without authority, and have failed to account for such revenues to Plaintiffs.

60.     Upon information and belief, Defendants engaged in the same acts as recited above in relation to other entities, all without authorization by Plaintiffs and without any ownership interest in the Works, including the Registered Work.

61.     Plaintiffs have not authorized any Defendants in this lawsuit to use its Works, including the Registered Work, in any manner.

62.     Upon information and belief, Defendants continue to engage in such activities.

63.     As a result of this conduct by Defendants in violation of the Copyright laws, Plaintiffs have suffered actual damages and continue to suffer damages due to Defendants' infringing conduct.

8

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR VICARIOUS COPYRIGHT INFRINGEMENT

64.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs "1" though "63" hereof as if fully set forth herein at length.

65.     As set forth above, upon information and belief, the Defendants licensed the right to

exploit a recording of "Just in Time", that is solely owned by the Plaintiffs, to Castle Rock,

without consent or license from the Plaintiffs.

66.     As set forth above, upon information and belief, the Defendants licensed the right to

exploit the Registered Work, the work entitled "Gospel According to Nina Simone" and the

individual works comprising these compilations, which, upon information and belief, are all

solely owned by the Plaintiffs, the Registered Work being under copyright registration of the

Plaintiffs, to Snapper Music, without consent or license from the Plaintiffs.

67.     Upon information and belief, by virtue of their past relationship with Plaintiffs,

Defendants were aware that they did not have the right to license these works, as the true rights

lie with Plaintiffs pursuant to the Separation Agreement, and as such, Defendants were aware

that any resulting use of the Works, including the Registered Work, by Castle Rock or Snapper

Music would be an infringement.

68.     Upon information and belief, Defendants purported to license to Snapper Music and

to Castle Rock the right to exploit the Works, including the Registered Work, and thus as the

perceived licensor to Snapper Music and Castle Rock, had the right and ability to supervise and

control such exploitation with respect to Castle Rock's and Snapper Music's uses.

69.     Upon information and belief, Castle Rock and Snapper Music, without valid licenses

from Plaintiffs, did reproduce the Works, including the Registered Work, in copies or

phonorecords or other formats, and did distribute copies or phonorecords or other formats of the

Works, including the Registered Work, to the public, and did publicly perform the Works, including the Registered Work, in violation of 17 U.S.C. §§106 and 501.

70.     Upon information and belief, Defendants received direct financial benefit from Castle Rock's and Snapper Music's infringing activities in the form of direct monetary payments in exchange for the rights to exploit the Works, including the Registered Work.

71.     Upon information and belief, Defendants engaged in the same acts as recited above in relation to other entities, all without Plaintiffs' authorization and without any ownership interest in the Works, including the Registered Work.

72.     Through their conduct averred in this Complaint, Defendants have engaged and continue to engage in the vicarious reproduction, and/or public distribution, and/or public performance of copies of the Works, including the Registered Work, and thus infringe upon Plaintiffs' copyrights in the Works, including the Registered Work.

73.     The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of, and indifference to, Plaintiffs' rights.

74.     Defendants' conduct, as averred in this Complaint, constitutes vicarious infringement of Plaintiffs' copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

75.     As a result of this conduct by Defendants in violation of the Copyright laws, Plaintiffs have suffered actual damages and continue to suffer damages due to Defendants' infringing conduct.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "75" hereof as if fully set forth herein at length.

2007797.6

77.     As set forth above, upon information and belief, the Defendants licensed the right to exploit the recording of "Just in Time", which, upon information and belief, is solely owned by the Plaintiffs, to Castle Rock, without consent or license from the Plaintiffs.

78.     As set forth above, upon information and belief, the Defendants licensed the right to exploit the Registered Work, the work entitled "Gospel According to Nina Simone" and the individual works comprising these compilations, which, upon information and belief, are solely owned by the Plaintiffs, the Registered Work being under copyright registration to the Plaintiffs, to Snapper Music, without consent or license from the Plaintiffs.

79.     Upon information and belief, by virtue of their past relationship with Plaintiffs, Defendants were aware that they did not have the right to license these works, as the true rights lie with Plaintiffs pursuant to the Separation Agreement, and as such, Defendants were aware that any resulting use of the Works, including the Registered Work, by Castle Rock or Snapper Music would be an infringement.

80.     Upon information and belief, Defendants engaged in personal conduct that encouraged or assisted in the infringing activity of Castle Rock and Snapper Music by providing such entities with purported permission to use the Works, including the Registered Work, in order to facilitate the unauthorized reproduction, distribution and public performance of the Works, including the Registered Work.

81.     Upon information and belief, Castle Rock and Snapper Music, without a valid license from Plaintiffs, did reproduce the Works, including the Registered Work, in copies or phonorecords or other formats, and did distribute copies or phonorecords or other formats of the Works, including the Registered Work, to the public, and did publicly perform the Works, including the Registered Work, in violation of 17 U.S.C. §§106 and 501.

82.     Upon information and belief, Defendants received direct financial benefit from Castle Rock's and Snapper Music's infringing activities in the form of direct monetary payments in exchange for the right to exploit the Works, including the Registered Work.

83.     Upon information and belief, Defendants engaged in the same acts as recited above in relation to other entities, all without authorization by Plaintiffs and without any ownership interest in the copyrighted works.

84.     The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of, and indifference to, Plaintiffs' rights.

85.     Defendants' conduct, as averred in this Complaint, constitutes contributory infringement of Plaintiffs' copyrights, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

86.     As a result of this conduct by Defendants in violation of the Copyright laws, Plaintiffs have suffered actual damages and continue to suffer damages due to Defendants' infringing conduct.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT

87.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "86" hereof as if fully set forth herein at length.

88.     Upon information and belief, Defendants, knowingly and with the intent to induce, enable, facilitate and/or to conceal copyright infringement, have provided false, incorrect, and/or missing copyright management information relating to the Works, including the Registered Work, to Castle Rock and to Snapper Music, by representing that Defendants are the owners of the Works, including the Registered Work.

2007797.6

89.     Such misrepresentations were further conveyed by Castle Rock in connection with the unauthorized distributions of copies of the "Just in Time" recording, in the form of inaccurate attribution and ownership notes on phonorecords or other formats distributed to the public, and in connection with other distributions, containing this recording.

90.     Upon information and belief, such misrepresentations were further conveyed by Castle Rock and Snapper Music in the form of inaccurate attribution and ownership notes on phonorecords or other **formats**, and in connection with other distributions, containing portions of the Works, including the Registered Work.

91.     Upon information and belief, Defendants were aware or had reason to believe that their acts violated Plaintiffs' rights when they provided false copyright management information to Castle Rock and to Snapper Music, regarding the Works, including the Registered Work, without Plaintiffs' permission or authorization.

92.     Upon information and belief, Defendants engaged in the same acts as recited above in relation to other entities, all without authorization by Plaintiffs and without any ownership interest in the copyrighted works.

93.     As a result of Defendants' conduct in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202, Plaintiffs have suffered actual damages and continue to suffer damages due to Defendants' unlawful acts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR VIOLATION OF THE LANHAM ACT

94.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "93" hereof as if fully set forth herein at length.

95.     Upon information and belief, the Defendants have used and continue to use in commerce the Works, owned by Plaintiffs, representing false designation of origin of the owners

13

of such Works, have and continue to make false and misleading representation of facts which are likely to confuse, cause mistake, deceive as to ownership of such Works owned by Plaintiffs, and as to the origin, sponsorship or approval for sale, distribution, use or approval of said Works of Plaintiffs.

96.    Upon information and belief, consumer purchasers and industry professionals have been misled and deceived as to the legal ownership of the Works owned by Plaintiffs, to the benefit and enrichment of the Defendants through the license, sale, reproduction and distribution of Plaintiffs' Works by Defendants.

97.    Upon information and belief, Defendants, in communications with industry professionals, have misrepresented the nature, characteristics, qualities, and ownership of the copyrights in the Works in an unfair and deceptive manner.

98.    In performing the above mentioned acts, Defendants have participated in conduct in violation of the Lanham Act, 15 U.S.C. § 1125(a).

99.    As a result of such conduct, Plaintiffs have suffered actual damages and continue to suffer damages due to Defendants' unlawful acts.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR FRAUD IN VIOLATION OF COMMON LAW AND THE LAWS OF
### THE STATE OF NEW YORK

100.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "99" hereof as if fully set forth herein at length.

101.    Upon information and belief, at some point prior to 2007, Defendants represented to Snapper Music that they owned the rights to at least portions of the Works, and had the authority to license the exploitation of such Works.

14

102.    Upon information and belief, at some point prior to 2004, Defendants represented to Castle Rock that they owned the rights to at least portions of the Works, and had the authority to license the exploitation of such Works.

103.    Upon information and belief, Defendants have made similar representations to other entities that they owned the rights to at least portions of the Works, and had the authority to license the exploitation of such Works.

104.    At the time the Defendants made these representations, the Plaintiffs owned the rights in the Works, and Defendants had no right to license or exploit the Works in any way.

105.    Upon information and belief, by virtue of their past relationship with Plaintiffs, Defendants were aware at the time the representations were made that they did not have the right to license these works, as the true rights lie with Plaintiffs pursuant to the Separation Agreement, and these representations were made by Defendants with intent to deceive third parties and to induce them to enter into licensing agreements to exploit the Works in exchange for royalty or other such payments to Defendants.

106.    Upon information and belief, at the time the false representations were made by Defendants, such third parties did not know the true facts and believed the representations made by Defendants were true, relied upon them and were thereby induced to enter into licensing agreements to exploit the Works in exchange for royalty or other such payments to Defendants.

107.    As a result of the false representations of the Defendants, Plaintiffs have been damaged through lost profits from and control over the exploitation of the Works, in a value that cannot be determined at this time, but is assured to exist.

108.    Defendants' conduct, as averred in this Complaint, constitutes fraud, in violation of the common law and the laws of the State of New York.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION IN VIOLATION OF COMMON LAW AND
## THE LAWS OF THE STATE OF NEW YORK

109.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "108" hereof as if fully set forth herein at length.

110.     An ongoing market exists for the exploitation of the Works.

111.     Upon information and belief, Plaintiffs are the rightful owners to all rights in the Works, and have exploited such works in the past through sales, distributions, performances, and the granting of licenses for such uses.

112.     As set forth above, upon information and belief, the Defendants have used and continue to use the Works, owned by Plaintiffs, falsely representing the ownership of such Works.

113.     As set forth above, upon information and belief, Defendants have and continue to make false and misleading representation of fact which are likely to confuse, cause mistake, deceive as to ownership of such Works owned by Plaintiffs, and as to the origin, sponsorship or approval for sale, distribution, use or approval of said Works of Plaintiffs.

114.     As set forth above, upon information and belief, Defendants have directly profited from the unlawful exploitation of Plaintiffs' property rights in the Works.

115.     Defendants' uses are injurious to Plaintiffs and constitute an appropriation by the Defendants of the Plaintiffs' exclusive right to manufacture, sell, distribute, and otherwise exploit the Works.

116.     Defendants' uses unlawfully divert to Defendants income which is rightfully Plaintiffs'.

16

117.   Unless the Defendants are enjoined and restrained further from exploiting the Works through claiming to be the rightful owners of such Works, and licensing their purported rights in such Works, the Plaintiffs will continue to be irreparably injured and damaged.

118.   Plaintiffs have no adequate remedy at law for future infractions.

119.   Defendants' conduct, as averred in this Complaint, constitutes unfair competition, in violation of the common law and the laws of the State of New York.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR INTERFERENCE WITH A PROSPECTIVE
## CONTRACTUAL ADVANTAGE IN VIOLATION OF
## COMMON LAW AND THE LAWS OF THE STATE OF NEW YORK

120.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" though "119" hereof as if fully set forth herein at length.

121.   As set forth above, an ongoing market exists for the exploitation of the Works.

122.   As set forth above, Plaintiffs are the rightful owners of all rights in and to the Works, and have exploited such works in the past through sales, distributions, performances, and the granting of licenses for such uses.

123.   Among other means, third parties are assisted in contacting the owner of copyrighted works, such as the Works, by determining true and correct owners from the representations appearing in connection with publications and distributions of the Works.

124.   As set forth above, upon information and belief, Defendants had knowledge of Plaintiffs' rightful ownership of the Works and Plaintiffs' past and ongoing attempts to exploit the Works.

125.   As set forth above, upon information and belief, Defendants have intentionally and without justification provided false information regarding the ownership of the Works to Castle

17

Rock and Snapper Records, and such false information has been distributed to the public on publications and embodiments of the Works.

126.    Upon information and belief, Defendants have intentionally, falsely and without justification represented to other entities in connection with negotiations of licensing arrangements for the exploitation of portions of the Works, that Defendants are the rightful owners of the rights in the Works.

127.    Upon information and belief, upon information and belief, Defendants have unlawfully received payments for the rights to use portions of the Works.

128.    As set forth above, Defendants have falsely and without justification represented to industry professionals that Defendants are the owners of the Works, and that Stroud has no rights in the Works.

129.    Upon information and belief, Defendants' intentional misrepresentations and failure to accurately attribute ownership of the Works to Plaintiffs has caused Plaintiffs to lose opportunities to enter into contracts with third-parties to exploit the Works due to the public's and the industry's false beliefs or perceptions that Defendants are the owners of the Works.

130.    Upon information and belief, as a result of Defendants' interference with Plaintiffs' prospective contractual relations with potential licensees of the Works, Plaintiffs have lost licensees for the Works, have suffered actual damages and continue to suffer damages due to Defendants' unlawful acts.

131.    Defendants' conduct, as averred in this Complaint, constitutes interference with a prospective contractual advantage, in violation of the common law and the laws of the State of New York.

18

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF COMMON
## LAW AND THE LAWS OF THE STATE OF NEW YORK

132.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs "1" though "131" hereof as if fully set forth herein at length.

133.    Upon information and belief, pursuant to the Separation Agreement, Plaintiffs are the

rightful owners of the common law copyrights to various individual sound recordings and the

physical embodiments of such recordings.  Lists of such recordings are

134.    annexed hereto as Exhibits A and B (collectively referred to as the "Common Law

Recordings").

135.    The Common Law Recordings were fixed in a tangible medium of expression prior to

February 15, 1972.

136.    Upon information and belief, the common law copyrights in the Common Law

Recordings are all currently valid.

137.    Upon information and belief, Defendants purported to license to Snapper Music and

to Castle Rock the right to exploit the Common Law Recordings, and thus as the perceived

licensor to Snapper Music and Castle Rock, had the right and ability to supervise and control

such exploitation with respect to Castle Rock's and Snapper Music's uses.

138.    Upon information and belief, Defendants have induced the unauthorized reproduction

of the Common Law Recordings through the false representation to others that Defendants had

the right to authorize the reproduction, sale, and distribution of such works, directly causing

various entities to infringe upon the Plaintiffs' common law copyrights through the unauthorized

production and distribution of the Common Law Recordings.

139.    Upon information and belief, by virtue of their past relationship with Plaintiffs,

Defendants were aware that they did not have the right to license the Common Law Recordings,

19

as the true rights lie with Plaintiffs pursuant to the Separation Agreement, and as such,

Defendants were aware that any resulting use of the Common Law Recordings by Castle Rock or

Snapper Music would be an infringement.

140.   Upon information and belief, Defendants engaged in personal conduct that

encouraged or assisted in the infringing activity of Castle Rock and Snapper Music by providing

such entities with purported permission to use the Common Law Recordings in order to facilitate

the unauthorized reproduction, distribution and public performance of the Common Law

Recordings.

141.   Upon information and belief, Castle Rock and Snapper Music, without a valid license

from Plaintiffs, did reproduce the Common Law Recordings in copies or phonorecords or other

formats, and did distribute copies or phonorecords or other formats of the Common Law

Recordings to the public, and did publicly perform the Common Law Recordings.

142.   Upon information and belief, Defendants engaged in the same acts as recited above in

relation to other entities, all without Plaintiffs' authorization and without any ownership interest

in the Common Law Recordings.

143.   Upon information and belief, Defendants have directly benefited from such unlawful

activities by receiving direct payments from their licensees.

144.   The foregoing acts of infringement by Defendants have been willful, intentional and

purposeful, in disregard of, and indifference to, Plaintiffs' rights.

145.   As a result of this conduct by Defendants in violation of the Copyright laws of the

State of New York, Plaintiffs have suffered actual damages and continue to suffer damages due

to Defendants' infringing conduct.

146.   As a result of the false representations of the Defendants, Plaintiffs have been damaged through lost profits from and control over the exploitation of the Works, in a value that cannot be determined at this time, but is assured to exist.

147.   Defendants' conduct, as averred in this Complaint, constitutes infringement of Plaintiffs' common law copyrights, in violation of the common law and the laws of the State of New York.

**WHEREFORE**, the Plaintiffs respectfully request that they be awarded judgment herein declaring the rights and other legal relations of the parties hereto in respect to those matters set forth in the Complaint that the Defendants be enjoined from further wrongful conduct, and that the Plaintiffs be awarded damages, more particularly, that the declaratory judgment shall specify the following:

A.   Plaintiffs are the rightful owners of the copyrights to, and the physical master recordings of, the Nina Simone works listed in Exhibit A and Exhibit B, and the Artwork, and as such have exclusive rights to license or otherwise exploit such recordings.

B.   The Estate of Nina Simone has no rights to the copyrights to, and the physical master recordings of, the Nina Simone works listed in Exhibit A and Exhibit B, or the Artwork.

C.   Defendant Steven Ames Brown has no copyright to, or property rights in, the master recordings of Nina Simone listed in Exhibit A and Exhibit B, or the Artwork.

D.   Defendants must provide Plaintiffs with copies of all licensing agreements and other agreements involving the exploitation of these sound recordings, and the master recordings thereof, and the Artwork, and a full accounting of all proceeds derived from these recordings and the Artwork; and that the Court order that:

E.     Defendants owe Plaintiffs damages for usurping the rights of Plaintiffs to said recordings and said Artwork.

F.     Defendants owe Plaintiffs all revenues derived from their unauthorized exploitation of the recordings of Nina Simone listed in Exhibit A and Exhibit B and the Artwork.

G.     Judgment be entered for actual, statutory and/or compensatory damages in an unspecified amount, plus disgorgement of profits, plus costs, disbursements, punitive damages, attorney fees; and;

H.     Judgment in the form of compensatory and punitive damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each separate act of infringement in an amount to be determined, or in the alternative, judgment in the form of statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $ 150,000 with respect to each separate infringement, and in the amount of $25,000 pursuant to 17 U.S.C. § 1203(c), as available under the law; and that the Court issue an Order:

I.     Enjoining the Defendants from claiming to be authorized to sell, distribute, license or otherwise market the recordings, including the master recordings of Nina Simone described herein, or any derivations thereof, and the Artwork described herein, or any derivations thereof, and from otherwise exploiting such works; and that the Court issue an Order,

J.      Granting such other and further relief as the Court may deem just and proper;

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL NON-EQUITABLE

ISSUES AND CLAIMS IN THIS LAWSUIT.

Dated:      White Plains, New York
            September 24, 2008

                                    Yours, etc.

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By: _____*Alice L. Brodie*_____
                            Adam R. Bialek
                            Alice L. Brodie
                            Attorneys for Plaintiffs
                            3 Gannett Drive
                            White Plains, New York 10604
                            (914)323-7000

TO:     STEVEN AMES BROWN, Esq.
        69 Grand View Avenue
        San Francisco, CA 94114-2741

        LISA SIMONE KELLY
        As Administrator of
        THE ESTATE OF NINA SIMONE
        Tanite Rd.
        RR 5 Box 5062
        Stroudsburg, PA 18360-9805